**QUINTIN G. SHAMMAM (STATE BAR NO. 246926)**
**LAW OFFICE OF QUINTIN G. SHAMMAM**
**2221 CAMINO DEL RIO SOUTH, SUITE 207**
**SAN DIEGO, CALIFORNIA 92108**
**TEL: (619) 444-0001**
**FAX: (619) 501-1119**

Attorney for Plaintiff
CHRISTOPHER NOLAN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER NOLAN, an individual, | Case No.: 8:25-cv-00631 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| PORSCHE CARS NORTH AMERICA, INC., a Delaware Corporation, | |
| Defendant. | |

Plaintiff, CHRISTOPHER NOLAN, an individual, ("Plaintiff") alleges as follows against Defendant PORSCHE CARS NORTH AMERICA, INC., a Delaware Corporation ("Defendant" or "Porsche"):

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 and Plaintiff and Defendant are citizens of different states.

-1-

**COMPLAINT**

2. Venue in this district is proper under 28 U.S.C. §1391 because a substantial part of the events on which Plaintiff's claims are based occurred in the Central District of California, Southern Division.

## PARTIES

3. Plaintiff, CHRISTOPHER NOLAN, is an individual residing in the County of Orange, State of California.

4. Defendant, Porsche, is and was a Delaware Corporation operating and doing business in the State of California.

5. These causes of action arise out of warranty and repair obligations of Porsche in connection with a vehicle Plaintiff purchased and for which Porsche issued a written warranty. The warranty was not issued by the selling dealership.

6. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

## GENERAL ALLEGATIONS

7. On or about 1/10/2022, Plaintiff purchased a 2022 Porsche Taycan, having VIN: WP0BA2Y11NSA67302 ("Subject Vehicle"). These causes of action arise out of warranty and repair obligations of Porsche in connection with a vehicle that Plaintiff purchased and for which Porsche issued a written warranty.

8. Porsche warranted the Subject Vehicle and agreed to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance.

9. In connection with the purchase, Plaintiff received various warranties, inter alia, a 4-year/50,000 mile express bumper to bumper warranty, which covers the Subject Vehicle's electronic system and battery related defects.

10. The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and

nonconformities to warranty including, but not limited to, electronic system and battery related defects.

11. Plaintiff hereby revokes acceptance of the purchase contract.

12. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff have used the vehicle primarily for those purposes.

13. Plaintiff is a "buyer" of consumer goods under the Act.

14. Defendant, Porsche, is a "manufacturer" and/or "distributor" under the Act.

## FIRST CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

15. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

16. The Subject Vehicle was purchased by Plaintiff with express warranties that the Subject Vehicle would be free from defects in materials, nonconformity, or workmanship during the applicable warranty period and to the extent that the Subject Vehicle had defects, Defendant Porsche would repair the defects.

17. The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, electronic system and battery related defects.

18. Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff have used the Subject Vehicle primarily for those purposes.

19. Plaintiff is a "buyer" of consumer goods under the Act.

20. Defendant, Porsche, is a "manufacturer" and/or "distributor" under the Act.

21. The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

22. Plaintiff delivered the vehicle to an authorized Porsche repair facility for repair of the nonconformities.

23. Defendant was unable to conform Plaintiff's vehicle to the applicable express warranty after a reasonable number of repair attempts.

24. Notwithstanding Plaintiff's entitlement, Defendant Porsche has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

25. By failure of Defendant to remedy the defects as alleged above or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

26. Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the Subject Vehicle for repair.

27. Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

28. Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

29. Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled, in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for Porsche's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Implied Warranty**

30. Plaintiff incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

31. Porsche and its authorized dealership at which Plaintiff purchased the Subject Vehicle had reason to know the purpose of the Subject Vehicle was for personal use at the time of sale of the Subject Vehicle. The sale of the Subject Vehicle was accompanied by implied warranties provided for under the law.

32. Among other warranties, the sale of the Subject Vehicle was accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

33. Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

34. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

35. The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

36. The Subject Vehicle was not of the same quality as those generally accepted in the trade because it was sold with one or more defective vehicle systems/components which manifested as electronic system and battery related defects.

37. Upon information and belief, the defective vehicle systems and components were present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied warranty under Mexia v. Rinker Boat Co., Inc. (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

38. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, et seq.

39. Plaintiff hereby revokes acceptance of the Subject Vehicle.

40. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq.

41. Plaintiff is entitled to rescission of the purchase contract pursuant to Civil Code, section 1794, et seq. and Commercial Code, section 2711.

42. Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, et seq.

## THIRD CAUSE OF ACTION

**Violation of the Song-Beverly Act Section 1793.2(b)**

43. Plaintiff incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

44. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

45. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

46. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

47. The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the Subject Vehicle was safe to drive and not equipped with defective parts, including the electronic system and battery related defects.

48. Plaintiff delivered the Subject Vehicle to Porsche's authorized service representatives on multiple occasions. The Subject Vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the Subject Vehicle.

49. Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time, and Porsche has failed to tender the Subject Vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

50. Plaintiff is entitled to justifiably revoke acceptance of the Subject Vehicle under Civil Code, section 1794, et seq.

51. Plaintiff hereby revokes acceptance of the Subject Vehicle.

52. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq.

53. Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, et seq. and Commercial Code, section 2711.

54. Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, et seq.

55. Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 et seq and Commercial Code sections, 2711, 2712, and 2713 et seq.

56. Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that Porsche has willfully failed to comply with its responsibilities under the Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1. For general, special, and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiff's actual damages;
6. For prejudgment interest at the legal rate;
7. For reasonable attorney's fees and costs of suit; and

For such other and further relief as the Court deems just and proper under the circumstances.

///

DATED: 3/29/2025            LAW OFFICE OF QUINTIN G. SHAMMAM

By:   /s/ Quintin G. Shammam
QUINTIN G. SHAMMAM,
Attorney for Plaintiff
CHRISTOPHER NOLAN

## DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER NOLAN, hereby demands trial by jury in this action.

DATED: 3/29/2025            LAW OFFICE OF QUINTIN G. SHAMMAM

By:   /s/ Quintin G. Shammam
QUINTIN G. SHAMMAM,
Attorney for Plaintiff
CHRISTOPHER NOLAN